IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERLINDA BROWER,

    Plaintiff,

vs.                                                              Case No. 1:16-cv-01334 SMV-LF

SPROUTS FARMERS
MARKET, LLC, and
JOHN DOE,

    Defendants.

## **ORDER ON MOTION TO COMPEL**

THIS MATTER comes before the Court on defendant Sprouts Farmers Market, LLC's Motion to Compel (Doc. 45), filed on May 8, 2017. Plaintiff Erlinda Brower filed a response (Doc. 54), and defendant filed a reply (Doc. 56). Having considered the submissions of the parties and the relevant law, the Court finds the motion is not well-taken, and it will deny the motion.

Defendant argues that plaintiff failed to comply with the requirement under Rule 26(1)(1)(A)(iii) that she provide a "detailed computation of each category of damages as well as supporting documentation and/or evidence for her claimed damages." Doc. 45 at 9. Specifically, defendant argues that plaintiff failed to provide calculations concerning past and future medical expenses, and calculations of non-economic damages. Plaintiff argues that she provided a calculation of past medical expenses, promised to supplement her calculation of her future medical expenses, and that the rules do not require her to provide a calculation of non-economic damages. For the reasons below, the Court agrees with plaintiff.

Initial disclosures are governed by Federal Rule of Civil Procedure 26, which in relevant part states:

> (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> . . .
>
> > (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

FED. R. CIV. P. 26(a)(1)(A)(iii).

In her initial disclosures, plaintiff stated the following regarding her computation of damages:

> An exact computation of Plaintiff's damages has not been made at this time. However, it is Plaintiff's belief that the following are the damages suffered by the Plaintiff:
>
> Past Medical Expenses -Will be supplemented
> Future Medical Expenses - Will be supplemented
> Past and Future pain and suffering - To be determined by the trier of fact;
> Past and future loss of enjoyment of life - To be determined by the trier of fact;
> Past and future loss of household services - Will be supplemented[.]

Doc. 45-1 at 3. In a letter dated February 15, 2017, defendant asked plaintiff to provide a computation of each category of damages. Doc. 45-2. In a reply letter, plaintiff advised defendant that she was in the process of collecting her medical records, and that she would supplement her initial disclosures to provide a specific amount for past and future medical expenses. Doc. 45-3. Plaintiff further advised defendant that she was "unaware of any authority which requires a Plaintiff to list a specific amount in their Initial Disclosures for non-economic damages such as pain and suffering and loss of enjoyment of life." *Id.* Plaintiff had previously signed a medical authorization to allow defendant to obtain copies of her medical records and

2

bills.  Doc. 54 at 6 n.4, *see also* Doc. 54 at 14-20.  On May 8, 2017 (earlier on the same day that the motion to compel was filed), plaintiff provided defendant with an itemization of past medical expenses.  *See* Doc. 54 at 22.  In her response, plaintiff again advised defendant that she was in the process of gathering information to calculate future medical expenses, and that she would supplement her damage calculation once this information was received.  Doc. 54 at 5 n.3.  In its reply, defendant acknowledges that plaintiff disclosed her damages computation and evidentiary support concerning past medical expenses, and that she advised it that she would supplement her calculation concerning future medical expenses.  Doc. 56 at 2.  The Court, therefore, finds the portion of the motion to compel concerning missing calculations about past and future medical expenses to be moot.

The remaining issue concerns the parties' disagreement over whether Rule 26 requires plaintiff to provide a calculation of non-economic damages—such as pain and suffering, mental anguish, emotional distress, loss of recreational activity, and loss of enjoyment of life.[1]  Doc. 45 at 7.  Plaintiff takes the position that these non-economic damages must be determined by the trier of fact.  Docs. 45-4 at 2; 54 at 3-6.  Defendant admits that jurisdictions are split on the question of whether Rule 26 requires plaintiffs to include computations of non-economic damages in their Rule 26 initial disclosures, but urges this Court to find that they are required.  Doc. 45 at 7.  This the Court declines to do.

The Court agrees with the Fifth Circuit's assessment that "[s]ince compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)[(A)(iii)]."  *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000); *see also*

---

[1] Plaintiff agrees to dismiss her claim for loss of household services.  Doc. 54 at 5 n.3.

3

*Crocker v. Sky View Christian Acad.*, 2009 WL 77456, at *2 (D. Nev. Jan. 8, 2009) ("[B]ecause emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the plaintiffs' testimony concerning the emotional suffering they experienced, not through the[] type of documentary evidence or expert opinion relied upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages."). The Court also finds *Smith v. Ingersoll-Rand, Co.*, 214 F.3d 1235, 1245 (10th Cir. 2000) persuasive:

> Attempts to quantify the value of human life have met considerable criticism in the literature of economics as well as in the federal court system. Troubled by the disparity of results reached in published value-of-life studies and skeptical of their underlying methodology, the federal courts which have considered expert testimony on hedonic damages in the wake of *Daubert* have unanimously held quantifications of such damages inadmissable.

While this statement, as defendant points out, is *dicta,* the statement clearly illustrates that most courts have found experts cannot quantify hedonic damages. Given this fact, the Court agrees with plaintiff that it does not make sense to require plaintiff "as a lay person, to provide an exact dollar figure for her non-economic damages." Doc. 54 at 6.

IT IS THEREFORE ORDERED that defendant Sprouts Farmers Market, LLC's Motion to Compel (Doc. 45) is DENIED. The Court also denies defendant's request to award costs and attorney's fees incurred with bringing this motion.

_____
Laura Fashing
United States Magistrate Judge