IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERLINDA BROWER,

    Plaintiff,

vs.                                         Case No. 1:16-cv-01334 SMV-LF

SPROUTS FARMERS MARKET, LLC,
and JOHN DOE,

    Defendants.

## **ORDER GRANTING MOTION TO COMPEL PHYSICAL INSPECTION**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Physical Inspection (Doc. 64), filed on July 5, 2017. Defendant Sprouts Farmers Market, LLC filed a response (Doc. 70), and plaintiff filed a reply (Doc. 77). Plaintiff moves the Court to compel defendant to allow her expert to inspect the entryway of the Sprout's store where plaintiff tripped. Having considered the submissions of the parties and the relevant law, the Court finds the motion is well-taken and will grant the motion.

This dispute stems from defendant's denial of plaintiff's request to allow her expert, Russell Kendzior, to inspect the Sprouts store where plaintiff tripped. Plaintiff states that her expert needs to inspect the store "to confirm the layout of the store and the placement of the mat, and to take photographs and measurements of the area." Doc. 64 at 2. Defendant objects on the basis that the inspection will take place after Mr. Kendzior has already submitted his expert report, and argues that the inspection is outside of the "scope of allowable discovery." Doc. 70 at 2–3.

Physical inspection of premises is governed by Federal Rule of Civil Procedure 34(a)(2), which states:

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):

. . .

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Under Federal Rule of Civil Procedure 26(b)(1),

. . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The request to inspect the premises is within the scope of Rule 26, and is clearly relevant and proportional to the needs of the case. The Court will, therefore, permit the inspection. The Court does not address whether the information gleaned from this inspection will be admissible in evidence, or whether Mr. Kendzior will be permitted to supplement or modify his expert report. Those issues are not ripe, and are not properly before the Court on this motion.

IT IS THEREFORE ORDERED that plaintiff Erlinda Brower's Motion to Compel Physical Inspection (Doc. 64) is GRANTED.

_____
Laura Fashing
United States Magistrate Judge